# EXHIBIT D

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/832,390 | 12/05/2017 | Bradley Thomas Hyslop | 29246US06 | 7980 |

23446      7590      03/07/2019
MCANDREWS HELD & MALLOY, LTD
500 WEST MADISON STREET
SUITE 3400
CHICAGO, IL 60661

| EXAMINER |
|---|
| NGO, NGUYEN HOANG |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2473 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 03/07/2019 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

mhmpto@mcandrews-ip.com

PTOL-90A (Rev. 04/07)

| Office Action Summary | Application No. 15/832,390 | Applicant(s) Hyslop et al. |
|---|---|---|
| | Examiner NGUYEN H NGO | Art Unit 2473 — AIA (FITF) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>12/5/2017</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL.**    2b) ☑ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>30-49</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) <u>30-31,34-36,44 and 46-47</u> is/are rejected.
8) ☑ Claim(s) <u>32-33,37-43,45 and 48-49</u> is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
      a) ☐ All    b) ☐ Some**    c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)
2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

Application/Control Number: 15/832,390 Page 2
Art Unit: 2473

# DETAILED ACTION

## *Notice of Pre-AIA or AIA Status*

1.  The present application is being examined under the pre-AIA first to invent provisions.

## *Claim Rejections - 35 USC § 112*

2.  The following is a quotation of 35 U.S.C. 112(b):
    (b) CONCLUSION.—The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

    The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
    The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

3.  Claim 45 is rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor, or for pre-AIA the applicant regards as the invention.

4.  Claim 45 recites "L2ME" messages. It is however unclear on what is meant by "L2ME". Examiner suggests defining such terminology.

## *Claim Rejections - 35 USC § 103*

4.  In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory basis for the rejection will not be considered a new ground of

Application/Control Number: 15/832,390 Page 3
Art Unit: 2473

rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

5. The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

6. The factual inquiries set forth in *Graham v. John Deere Co.*, 383 U.S. 1, 148 USPQ 459 (1966), that are applied for establishing a background for determining obviousness under pre-AIA 35 U.S.C. 103(a) are summarized as follows:

1. Determining the scope and contents of the prior art.

2. Ascertaining the differences between the prior art and the claims at issue.

3. Resolving the level of ordinary skill in the pertinent art.

4. Considering objective evidence present in the application indicating obviousness or nonobviousness.

7. Claim 30, 31, 34, 35, 43, 46, 47, is/are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Nagami et al. (US 7660256), in view of Vasseur et al. (US 2007/0019558), in further view of Griggs (US 2002/0122429).

Regarding claim 30, 34, 46, Nagami discloses a communication network (system and method for monitoring label switched path in network, col2 lines 24-37 and figure 1 and figure 2) comprising:

a requesting node (user node in which a monitoring apparatus is connected with a user node and collecting LSPs in accordance with a user's instruction, col5 lines 30-40 and col6 lines 34-40 and figure 2);

a Network Coordinator (NC) node (a monitoring apparatus 100 communicates with each router R1-R8 to collect information on each of the LSPs (thus monitoring apparatus coordinates the collection of information), col6 lines 27-46 and figure 1); and

a plurality of requested nodes (routers R1-R8, col6 lines 27-46 and figure 1), wherein:

the NC node is operable to, at least:

communicate a second message to each requested node of the plurality of requested nodes, the second message requesting from said each requested node a list identifying LSPs for which said each requested node is an ingress node (the LSP information acquisition section polls (correlating to second messages) each ingress router so that LSP information is collected from each router and the LSP state storage section stores, for each LSP, LSP information such as ingress router as seen in the table (correlating to a list identifying LSPs) of figure 3, col7 lines 40-50 and col8 lines 35-50 and figure 3);

receive, from said each requested node a respective third message comprising a list identifying LSPs (correlating to a list as shown in figure 3 and figure 11 representing different LSPs with different ingress routers) for which said each requested node is an ingress node (the LSP information response sending section 225 of each ingress router

sends to the monitoring apparatus LSP information, col7 lines 40-50 and col8 lines 35-50 and figure 3);

form an aggregated list of LSPs comprising each respective list identifying LSPs flows from each received third message (information on a hierarchical LSP is stored in the LSP state storage section in the form shown in Figure 11 and LSP information are collected from an ingress router of each LSP as seen in the table of figure 11 in which shows a list of LSPs from different ingress routers correlating to an aggregated list, col13 lines 36-45 and figure 11 and figure 3)

Nagami however fails to specifically disclose the term parameterized quality of service (PQoS) flows. Nagami however discloses that an LSP is set up by an exchange of a message of the resource reservation protocol (RSVP) between an ingress router and an egress router and of MPLS (col1 lines 10-20) and a packet flow to be sent through the LSP (col7 lines 10-14). In a similar field of endeavor, Vasseur discloses the similar concept of LSP and RSVP ([0013]) and further discloses that packets that are carried over a given LSP is conditioned in accordance with the QoS parameters signaled by RSVP messages during establishment of the LSP (LSPs correlating to parameterized quality of service (PQoS) flows, [0014]). It would have thus been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains to incorporate the concept of correlating LSPs to parameterized quality of service (PQoS) flows as disclosed by Vassuer into the system and method for monitoring label switched path networks as

disclosed by Nagami in order to have a flexible means and nomenclature for using the term LSP and/or PQoS.

The combination of Nagami and Vassuer however does not clearly disclose the requesting node communicating a first message to the NC node requesting a list comprising parameterized quality of service (PQoS) flows of the communication network and communicating a fourth message to at least the requesting node comprising the aggregated list. Nagami however discloses of user nodes and of collecting LSP path information on the current state of the LSPs (col3 lines 35-45) and to show the setup state of each LSP on displays of the user nodes in accordance with a user's instruction from each user node (col6 lines 35-45) and Vassuer discloses a level of QoS required in association with LSPs ([0013]-[0014]). In a similar field of endeavor, Griggs discloses that from a user device, the user requests (correlating to first message) from a management unit across a signaling path, a list of available quality of service levels and that these levels are transmitted (correlating to fourth message) across the signaling path to the user input device for display (the requesting node communicating a first message to the NC node requesting a list comprising parameterized quality of service (PQoS) flows of the communication network and communicating a fourth message to at least the requesting node comprising the aggregated list, [0038]). It would have thus been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains to incorporate the concept of a user node requesting a list of available QoS levels (first message

requesting a list of LSPs correlating to PQoS flows/levels) and receiving such level information from a management unit (fourth message) as disclosed by Griggs into the system for monitoring LSP in a network involving collecting LSP path information for display in accordance with user instructions as disclosed by Nagami and Vasseur in order to correctly and efficiently determine when to provide user nodes with LSP state information for user display. It should further be obvious to have such polling of LSP information from routers (as disclosed by Nagami) following a receipt of a user request for a list of available QoS level (as disclosed by Griggs) in order to have the most current LSP path information to correctly display to users, as Nagami discloses the use of information on a current state of the LSP (col3 lines 35-45). In other words, a user node requesting a list of available LSPs from a monitoring apparatus such that the monitoring apparatus may poll routers and receive current LSP information from routers in order for the monitoring apparatus to provide current LSP information (in a form of a list as seen in figure 11 of Nagami) for user nodes for display, such that users may have to correct information of the network.

Regarding claim 31, 35, 47, Nagami discloses wherein the communication network is a premises-based communication network (network topology for a designated area, col11 lines 1-5 and figure 1 and figure 2)

Application/Control Number: 15/832,390 Page 8
Art Unit: 2473

Regarding claim 43, Nagami discloses wherein the at least one module is operable to communicate the fourth message to a plurality of nodes (plurality of user nodes, col6 lines 35-40).

8. Claim 36 is/are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Nagami, in view of Vasseur, in view of Griggs, in further view of Inoue et al. (US 7774004).

Regarding claim 36, the combination of Nagami, Vasseur, and Griggs fails to specifically disclose wherein the first message comprises information identifying the plurality of requested nodes. Nagami however discloses polling each ingress router for LSP information (col7 lines 39-45) and that the monitoring apparatus visualizes a state of each LSP in an area specified by a user (col6 lines 30-36) and network topology for a designated area be displayed (col11 lines 1-5). In a similar field of endeavor, Inoue discloses of a control apparatus configured with a paging request packet receiving unit and a paging area forming unit (col6 lines 35-43) in which receives a paging request packet configured for forming a paging area which includes information indicating a plurality of routers which forms a paging area (first message comprises information identifying the plurality of requested nodes, col5 lines 55-67). It would have thus been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains to incorporate the concept of forming a paging area via a request message identifying a plurality of routers (correlating to requested nodes) as disclosed by Inoue into the method for monitoring

LSP in a network via a monitoring apparatus polling routers in a specified area as disclosed by Nagami, Vasseur, and Griggs in order to correctly and efficiently have a user instruct the monitoring apparatus of the proper designated area for LSP information in which the designated area is formed by a plurality of routers.

## Allowable Subject Matter

9.  Claim 32, 33, 37-43, 45, 48-49 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

## Conclusion

10. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

11. Li et al. (US 2006/0182119)

12. Hofmeister et al. (US 2004/0156313)

13. Robinson et al. (US 6570867)

14. Schimmelpfeng et al. (US 2006/0245369)

15. Seppala et al. (US 6747968)

16. Despotidis et al. (US 2003/0103077)

17. Any inquiry concerning this communication or earlier communications from the examiner should be directed to NGUYEN HOANG NGO whose telephone number is (571)272-8398. The examiner can normally be reached on Monday-Friday 9am-5pm.

Application/Control Number: 15/832,390                                                                 Page 10
Art Unit: 2473

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Kwang Yao can be reached on 571-272-3182. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/N.H.N/
    Examiner, Art Unit 2473

/KWANG B YAO/
Supervisory Patent Examiner, Art Unit 2473